UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN S. TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03856-JRS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Kevin S. Turner petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number IYC 18-08-0027. For the reasons explained in this Order, Mr. Turner's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On August 3, 2018, Indiana Department of Correction (IDOC) Correctional Officer Gagne wrote a Report of Conduct charging Mr. Turner with possession of altered property, a violation of the IDOC's Adult Disciplinary Code offense B-228. The Report of Conduct states:

> At approximately 0950 AM on 08/03/18 Offender Turner #922829 02 12M was advised to pick up his KOPs. Medical contacted North to advise that they have not received their offender. At 950 AM Offender Turner arrives to North and explains that he had gone to receiving. His whereabouts were unknown. I Ofc R. Gagne removed and confiscated the property that he had arrived with. Upon the search of his property three items were discovered. A fake legal documents book with a cut out of what seemed to hold a cell phone[, a] copper wired material attached to what seemed to be a phone charger. Along with several white pills wrapped in plastic.

Dkt. 8-1.

Mr. Turner was notified of the charge on August 7, 2018, when he received the Screening Report. Dkt. 8-4. He pleaded not guilty to the charge, indicated he did not wish to call any witnesses, and asked for physical evidence. Mr. Turner asked for video evidence of him at the medical desk on August 3, 2018, at 9:50 a.m., telling them he did not take keep-on-person (KOP) medications. *Id.*

A hearing was held on August 25, 2018. Mr. Turner admitted his guilt and signed the Report of Disciplinary Hearing form next to the statement "I'm guilty." Dkt. 8-6. Based on that statement and the staff reports, the hearing officer found Mr. Turner guilty. *Id.* The sanctions imposed were a thirty-day earned-credit-time deprivation, a written reprimand to not commit the offense again, twenty days of extra work duty, and fifteen days loss of JPay, commissary, and telephone usage. *Id.* The hearing officer noted the reason for the sanction was due to the nature of the offense. *Id.*

Mr. Turner appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. Dkts. 8-7, 8-8, & 8-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C.      Analysis

In his petition, Mr. Turner presents three grounds for relief: (1) that although the Report of Conduct was for a weapons charge, no weapon existed; (2) he was induced into pleading guilty by a promise to reduce the charge to a C-353 (unauthorized possession of property); and (3) the writer of the Report of Conduct used the phrase "cell phone and charger" to inflate the case and prejudice him. Dkt. 2 at 2-3. The Court discusses each ground in turn.

### 1.      Ground One

Mr. Turner's first ground for relief is a challenge to the sufficiency of the evidence to prove the charged conduct. Officer Gagne reported finding an altered book and a copper wire likely used as a cell phone charger. Dkt. 8-1. Based on these items being found, Mr. Turner was charged with a violation of the offense B-228. Mr. Turner argues that this offense requires the property to be used as a weapon, and Officer Gagne did not find a weapon. Mr. Turner is mistaken. He is referring to a version of the offense definitions that defined the B-228 offense to require that the property has been altered or modified "for the purpose of being a weapon." However, the current version of B-228 drops the weapons requirement. The current IDOC Adult Disciplinary Process Appendix of Offenses defines this offense:

> 228      Possession of Altered Property
>
> Unauthorized possession of any item of property that has been altered or modified from its intended use or purpose.

Dkt. 8-11 (IDOC Adult Disciplinary Process Appendix of Offenses, effective June 4, 2018). Because Mr. Turner's offense occurred on August 3, 2018, *after* the effective date of the

definition's modification, his argument is without merit. Even so, the Court will apply the following standard of review to consider Mr. Turner's sufficiency of the evidence claim.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There is "some evidence" to support the hearing officer's decision. The book had been altered or modified for use to conceal a cell phone, and copper wire had been altered to be used as a cell phone charger. For these reasons, ground one is **denied**.

### 2. Ground Two

Mr. Turner contends that he was induced to plead guilty to the B-228 offense with an understanding that it would be reduced to a C-353 offense. Dkt. 2 at 2. He believes that he pleaded guilty to a weapons charge, likely referring to the outdated definition of the B-228 offense. He stresses in his petition that he "did not know [he was pleading guilty to] a weapons charge." *Id.*

As with ground one, Mr. Turner's argument is based on an erroneous understanding of the facts. On the record before the Court, there is no mention of a weapon. The Report of Conduct reflects the offense as "possession of altered property." Dkt. 8-1. The screening report reflects the offense as "poss. of altered property." Dkt. 8-4. And the Report of Disciplinary Hearing lists the

charge as "poss. of altered property." Dkt. 8-6. Mr. Turner's signature appears twice on the latter form. *Id.*

Additionally, there is no evidence in the record that there was any type of plea agreement, deal, or inducement. The only assertion of an inducement is Mr. Turner's own claim, made in his administrative appeals and in this action. *See* dkts. 2, 8-7, & 8-9. It also logically follows that if there had been any deal to plead to a lesser offense, the time for doing so would have been when the Report of Disciplinary Hearing was completed and signed. It is this report on which the sanctions are listed and enforced.

Mr. Turner's motivation for raising this claim appears to be that he believes he pleaded guilty to a weapons charge, which as explained in the discussion of ground one is an erroneous belief. Additionally, there is no evidence or even suggestion that a plea deal was made or contemplated. *See Wykoff v. Resig*, 613 F. Supp. 1504, 1508 (N.D. Ind. 1985) (no evidence showing anyone induced the petitioner to plead guilty, other than his own claim, which is insufficient to support the ground for relief). On these facts, therefore, Mr. Turner's request for habeas corpus relief on ground two is **denied**.

### 3.     Ground Three

Mr. Turner's final ground for relief argues that the Report of Conduct was written with language intended to "inflate" the case and prejudice him. Dkt. 2 at 3. This is a frivolous contention, both factually and legally. Taking the record as presented, the Report of Conduct is not inflated and does no more to prejudice Mr. Turner than the actual offense. The report does not claim a cell phone was found, only that the space dug out of the book appeared to be for concealment of a cell phone. But even if the report was in some way "inflated," without more it does not constitute a due process violation. *See generally McPherson v. McBride*, 188 F.3d 784

(7th Cir. 1999) ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent.") (citations omitted)). Habeas corpus relief on ground three is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Turner to the relief he seeks. Accordingly, Mr. Turner's petition for a writ of habeas corpus must be **denied** and this action dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:  10/16/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kevin S. Turner
922829
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, In 47362

Marjorie H. Lawyer-Smith
Indiana Attorney General
marjorie.lawyer-smith@atg.in.gov